UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MATTHEW K. DOWNING, On His Behalf And On Behalf of All Others Similarly Situated, | |
| Plaintiff, | Civil Action No. 09-693 (JAP) |
| v. | **OPINION** |
| GLOBE DIRECT LLC, | |
| Defendant. | |

PISANO, District Judge.

Presently before the Court is a motion by Defendant Globe Direct LLC ("Globe" or "Defendant") to transfer this matter to the District of Massachusetts pursuant to 28 U.S.C. § 1404. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. The Court has carefully considered the submissions of the parties and, for the reasons below, Globe's motion to transfer venue to the District of Massachusetts shall be granted.

**I. Background**

This is a purported class action brought by Plaintiff Matthew K. Downing alleging that Globe has violated the Drivers Privacy Protection Act, 18 U.S.C. § 2721, et seq. (*See* Complaint at Docket Entry 1). The complaint alleges that since January 2009, Globe has been obtaining the names and addresses of Massachusetts motor vehicle owners from the state's Registry of Motor Vehicles ("RMV") and has been using the information to send unsolicited junk mail to Plaintiff

1

and others in Massachusetts in violation of the Act. According to Defendant, such mailings were sent pursuant to a contract that the RMV awarded to Globe concerning the mailing of registration renewal forms to persons with vehicles registered in Massachusetts. Declaration of David Dickerson ("Dickerson Decl.") ¶ 8.

Plaintiff is a resident of Massachusetts. Compl. ¶ 6. Defendant Globe is a Delaware limited liability corporation that is headquartered in Massachusetts. Dickerson Decl. ¶ 4. Globe conducts its business almost entirely in the New England states of Massachusetts, New Hampshire, Rhode Island and Connecticut. *Id.* ¶ 3. Globe has 38 employees, all of whom reside in these four states and work either exclusively or primarily from Globe's headquarters in Massachusetts.

Defendant argues that transfer is warranted because virtually every aspect of this case centers on Massachusetts. For example, both parties are from Massachusetts, the putative class consists entirely of Massachusetts residents, and the conduct at issue arises from a Massachusetts RMV contract issued in Massachusetts to Globe.

Plaintiff, on the other hand, opposes the transfer. Plaintiff argues that Globe is organized under the laws of Delaware and, given the deference to which a plaintiff's choice of forum is entitled, the balance of the relevant considerations do not weigh in favor of transfer.

## II. Legal Standard

This Court has the authority to transfer this action, in its discretion, to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that a district court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice" to a district in which the action might have been brought. 28 U.S.C. § 1404(a). However, the plaintiff's choice of forum should not be lightly disturbed. *See Jumara v. State*

*Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995). Accordingly, the moving party has the burden to establish that the proposed transferee forum is a proper forum and that a balancing of the proper interests weighs in favor of transferring the case there. *See id.* at 879; *see also Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 227 (D.N.J. 1996) (" 'The moving party [pursuant to § 1404(a)] must thus prove that "its alternative forum is not only adequate, but more convenient than the present forum.' " (quoting *Hudson United Bank v. Chase Manhattan Bank*, 832 F. Supp, 881, 888 (D.N.J. 1993)).

### III. Legal Discussion

#### A. Whether the District of Massachusetts is a "District in which this Action Might Have Been Brought" Under Section 1404(a)

First, this Court must determine if the District of Massachusetts is a "district in which this action might have been brought" pursuant to section 1404(a). A district is one in which an action "might have been brought" if that district has (1) subject matter jurisdiction over the claims; (2) personal jurisdiction over the parties; and (3) is a proper venue. *See Shutte v. Armco Steel Corp.,* 431 F.2d 22, 24 (3d Cir. 1970); *High River Ltd. P'ship v. Mylan Laboratories, Inc.,* 353 F. Supp. 2d 487, 493 (M.D. Pa. 2005); *CIBC World Markets,* 309 F. Supp. 2d at 643-44. The Third Circuit stated in *Shutte v. Armco Steel Corp.* that the relevant considerations in this regard are jurisdiction and venue:

> [A] transfer is authorized by [§ 1404(a)] only if the plaintiff had an 'unqualified right' to bring the action in the transferee forum at the time of the commencement of the action; *i.e.*, venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants.

*Shutte*, 431 F.2d at 24.

The Court finds that the District of Massachusetts is a district where this action might have been brought. Globe's principal place of business is located in Millbury, Massachusetts,

3

which is within District of Massachusetts. Additionally, all of the events giving rise to the claim occurred in Massachusetts. As such, the parties do not appear to dispute that Plaintiff could have brought this suit in the District of Massachusetts.

B.  **Whether the District of Massachusetts is the More Convenient Forum and Whether it is in the Interests of Justice to Transfer this Action to that District**

Next, the Court must determine if Defendant has established that the District of Massachusetts is the more appropriate and convenient forum to hear this matter. Although emphasizing that "there is no definitive formula or list of factors to consider," the Third Circuit has set forth a variety of private and public interests for the Court to consider in determining whether to transfer this case under section 1404(a). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

The private interests include: (1) plaintiff's forum preference; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of witnesses to the extent that they may be unavailable for trial in one of the fora; and (6) the location of sources of proof such as books and records to the extent that the records could not be produced in the alternative forum.[1] *See, e.g., Jumara*, 55 F.3d at 879.

The public interests to consider include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local disputes at home; (5) the public policies of the fora; and (6) the

---

[1] In later decisions, courts have noted that given the state of technology and electronic discovery, it is unlikely that parties would be unable to produce documents in an alternative forum. *See, e.g., ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 571 (D. Del. 2001). Accordingly, Globe recognizes that this factor has "reduced weight" and argues in a footnote, without any support, that it "minimally favors" transfer. However, as this factor was, in effect, not addressed by Globe, it was not considered by the Court.

familiarity of the trial judge with the applicable state law in diversity cases.[2] *See, e.g., Jumara*, 55 F.3d at 879.

In considering all of the above factors, the Court finds that the relevant interests weigh in favor of transferring this case to the District of Massachusetts. Although Plaintiff correctly argues substantial deference is typically given to Plaintiff's choice of forum, the Court affords less deference to Plaintiff's forum choice in this case for several reasons. As an initial matter, Delaware is not Plaintiff's "home" forum, as he resides in Massachusetts. The rule deferentially viewing a plaintiff's choice of forum is premised on an assumption that a home forum is inherently more convenient than a transferee forum. *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 634 (3d Cir. 1989) (forum non conveniens analysis). In this case, Plaintiff, as well as apparently all purported class members, reside in Massachusetts. Globe, too, is located in Massachusetts, thus litigating in Delaware will require additional travel, expense, and inconvenience for all parties. Plaintiff has shown little, if any, corresponding benefit he receives in terms of convenience by litigating this case in Delaware.

Plaintiff argues that his choice of forum deserves significant weight because he chose to litigate this matter outside of his home forum for a legitimate reasons. He asserts that he did so because Globe is a subsidiary of the "popular" and "cherished" Boston Globe newspaper, and he seeks to avoid any prejudice that may flow from the Boston Globe's alleged "incredibly good reputation" among the citizens of Massachusetts. Pl. Brf. At 5, 7. The Court finds Plaintiff's argument to be without merit. First and foremost, the Boston Globe is not a party here. Second, Plaintiff provides little more than speculation to support his position.

Additional factors warrant giving less deference to Plaintiff's choice of forum. Because Plaintiff purports to bring this action on behalf of other class members, his choice of forum is

---

[2] This not being a diversity case, the last factor is inapplicable here.

entitled to less weight. *MP Vista, Inc. v. Motiva Enterprises LLC,* 2008 WL 5411104 \*2 (D. Del., December 29, 2008) ("the plaintiff's choice of forum becomes 'substantially less important' when he sues representatively on behalf of a class") (quoting *Yang v. Odom*, 409 F.Supp.2d 599, 606 (D.N.J.2006)).

Also, the operative facts of this lawsuit occurred outside of Delaware. *Eagle Traffic Control v. James Julian, Inc.*, 933 F. Supp. 1251, 1259 (E.D. Pa.1996) (noting that "courts consistently hold that a '[plaintiff's] choice is deserving of less weight where none of the operative facts of the action occur in the forum selected by the plaintiff.'"). It appears that all of the relevant conduct in this case occurred in the District of Massachusetts. For example, the Massachusetts RMV awarded its contract in Massachusetts, Globe performed the contract in Massachusetts, and Plaintiff and the class received the mailings at issue in Massachusetts. As Delaware is not connected to any of the acts giving rise to the dispute, Plaintiff's choice is entitled to less deference.

The only connection this matter has to the present forum is that Defendant is organized under the laws of Delaware. However, it is clear that this is not dispositive of a motion to transfer. *See, e.g., APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. supp.2d 393, 398-99 (D. Del.2002) ("Where an alternative forum is more convenient and has more substantial connection with the litigation incorporation in Delaware will not prevent transfer."). As discussed above, the claim arose in Massachusetts, the relevant conduct took place there, Plaintiff and the class members reside there, Globe is headquartered there, the Massachusetts RMV is located there, and the relevant employees at Globe are located there. Globe also points out that there are potential third-party witnesses who are within the subpoena power of the court in the District of Massachusetts but who could not be compelled to attend trial in Delaware.

Dickerson Decl. 15. Given the locations of the parties and witnesses, it is clear that litigating this matter in the District of Massachusetts would be significantly more convenient and less burdensome for all parties.

The public factors also weigh in favor of transfer. For example, there are local interests at stake. Although the RMV is not a party, this case nevertheless concerns, even if indirectly, the conduct of that Massachusetts government agency, and therefore the case has the potential to impact the public policy of as well as, to some extent, the taxpayers of Massachusetts. Consequently, the Court, having considered all of the relevant *Jumara* factors, finds that transfer of this matter is appropriate and in the interests of justice. Globe's motion shall be granted, and this matter transferred to the District of Massachusetts.

## IV. Conclusion

For the reasons set forth above, Defendant's motion to transfer is granted. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO  
United States District Judge

Dated: June 18, 2010